## SETTLEMENT AGREEMENT

Jared C. Walters, chapter 7 trustee, and Sheffield Financial LLC ("Sheffield") hereby stipulate and agree as follows:

### Recitals

A. James A. Mitchell and Jacquelyn J. Mitchell (the "Debtors") filed for relief under chapter 7 of the Bankruptcy Code on or about March 3, 2017 (the "Petition Date").

B. Jared C. Walters is the duly appointed trustee (the "Trustee") of the Debtors' chapter 7 bankruptcy estate.

C. On March 1, 2015, the Debtors purchased and received possession of a 2015 Polaris SXS motor vehicle, VIN 4XAVBE878FB957222 (the "Vehicle").

D. Sheffield financed the Debtors' purchase of the Vehicle. However, Sheffield's lien was never noted in the central registry of electronic files for all certificates of title, mortgages, liens, releases of liens or mortgages maintained by the Director of Motor Vehicles pursuant to C.R.S. § 42-6-147.

E. The Trustee asserts that Sheffield's lien against the Vehicle is avoidable pursuant to 11 U.S.C. § 547(b) because it is unperfected.

F. The Trustee also asserts that the Debtors paid Sheffield $778.50 in the 90 days prior to the Petition Date and that such payments were preferential under 11 U.S.C. § 547.

G. On August 1, 2017, the Trustee commenced an adversary proceeding against Sheffield, styled *Walters v. Sheffield Financial LLC*, Adv. Proc. No. 17-1312 MER (the "Adversary Proceeding"), seeking to avoid, recover, and/or preserve the lien for the benefit of the bankruptcy estate and recover the preferential payments made by the Debtors to Sheffield.

H. After discussions, and in an effort to avoid additional costs and delay of further litigation the Trustee and Sheffield desire to settle the Adversary Proceeding pursuant to the terms and conditions set forth below.

### Terms

NOW THEREFORE, in consideration of the foregoing and the agreements, promises and covenants set forth below, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

**EXHIBIT 1**

1. <u>Bankruptcy Court Approval</u>. This Settlement Agreement (the "Agreement") is subject to, and shall not become effective, until it is approved by written Order of the United States Bankruptcy Court for the District of Colorado. Upon execution and delivery of the Agreement, the Trustee's counsel shall prepare and file a motion seeking bankruptcy approval of the agreement. If the Bankruptcy Court fails to enter an Order approving the material terms of the Agreement, the agreement shall be null and void and have no further force and effect.

2. <u>Settlement Payment and Lien Assignment</u>. As full and final settlement of the claims asserted in the Adversary Proceeding and all claims that could have been asserted in the Adversary Proceeding, on or within ten (10) days of entry of an Order approving the Agreement, Sheffield shall (a) pay to the Trustee the sum of $519.00 (the "Settlement Amount") and (b) transfer the lien against the Vehicle to the Trustee. The Settlement Amount shall be payable to Jared C. Walters, chapter 7 trustee of the bankruptcy estate of James and Jacquelyn Mitchell. The Settlement Amount and documents evidencing the lien assignment shall be delivered to Wadsworth Warner Conrardy, P.C., 1660 Lincoln St., Suite 2200, Denver, Colorado 80264, counsel for the Trustee.

3. <u>Allowed Unsecured Claims</u>. Upon the Trustee's receipt of the Settlement Amount and assignment of the lien, Sheffield shall have an allowed unsecured claim in the amount of its loan to the Debtors, provided Sheffield files a Proof of Claim in the Debtors' bankruptcy case by the later of (a) within thirty (30) days after the date of the entry of an Order approving the Agreement or (b) the deadline established by the Bankruptcy Court for filing of Proofs of Claim in the Debtors' bankruptcy case.

4. <u>Release</u>.

a. After (i) entry of a final and non-appealable order approving the Agreement, (ii) payment and negotiation of the Settlement Amount, and (iii) delivery of the documents transferring the lien, Trustee, for himself, his successors, assigns and agents and for the bankruptcy estate, hereby releases Sheffield from any and all claims asserted or unasserted by the Trustee in the Adversary Proceeding related to the preferential payments, Vehicle, and/or the lien of Sheffield against the Vehicle.

b. After (i) entry of a final and non-appealable order approving the Agreement, (ii) payment and negotiation of the Settlement Amount, and (iii) delivery of the documents transferring the lien, Sheffield hereby releases the Trustee from any actual or potential claims, causes of action, or demands relating to the claims made by the Trustee in the Adversary Proceeding.

5. <u>Dismissal of Adversary Proceeding</u>. The Adversary Proceeding shall be held in abeyance pending Bankruptcy Court approval of the Agreement. Upon entry of a final and non-appealable order approving the Agreement, and after payment and negotiation of the Settlement Amount and receipt of the documents transferring the lien, the Trustee shall obtain the dismissal of the Adversary Proceeding with prejudice, each party to bear its own costs.

6. <u>Enforcement of Agreement</u>. In addition to all other available remedies, the Agreement shall be specifically enforceable by any party, and in the event of the failure of any party or parties to comply with the terms of the Agreement, equitable and/or legal relief may be sought by the party to the defaulting or breaching party. In the event of litigation to enforce the provisions of the Agreement, the prevailing party or parties shall recover reasonable attorneys' fees and costs from the non-prevailing party or parties.

7. <u>Voluntary Agreement</u>. The parties hereby affirm and acknowledge that they have read and reviewed the Agreement, and that they fully understand and appreciate the meaning of each of its terms, and that it is a voluntary, full and final compromise of the claims and actions referred to in paragraph 4, above.

8. <u>Governing Law</u>. The Agreement shall be governed by and construed in accordance with the law and rules applicable in the United States Bankruptcy Court for the District of Colorado. Where state or substantive law other than the Bankruptcy Code controls, the Agreement shall be governed by the substantive law of the State of Colorado, without regard to its choice of law rules.

9. <u>Forum</u>. Any controversies regarding the Agreement shall be resolved in the United States Bankruptcy Court for the District of Colorado. Any action relating to, based upon, or arising from a breach of the Agreement shall be brought only in the United States Bankruptcy Court or the United States District Court for the District of Colorado, which shall retain jurisdiction over the subject matter and parties for this purpose.

10. <u>Binding Nature</u>. The Agreement shall inure to the benefit of, and be binding upon, the respective agents, predecessors, successors, and assigns of the parties, the creditors and the estate.

11. <u>Counterparts</u>. The Agreement may be executed in counterparts with the same force and effect as though all signatures appeared on one original document. Facsimile signatures are binding and enforceable as if they were originals.

12. <u>No Admission</u>. The Agreement is being entered into solely as a settlement of claims, and does not represent an admission by the parties hereto of any liability with respect to the claims and/or defenses asserted or which could have been asserted in the Adversary Proceeding.

WHEREFORE, the parties have caused the Agreement to be executed as of the date first written below.

JARED C. WALTERS,            SHEFFIELD FINANCIAL LLC
CHAPTER 7 TRUSTEE

_____     By:_____
JARED C. WALTERS                Name:_____
                                     Its:_____
Date: 9/25/17                    Date:_____

WHEREFORE, the parties have caused the Agreement to be executed as of the date first written below.

JARED C. WALTERS, 	SHEFFIELD FINANCIAL LLC
CHAPTER 7 TRUSTEE

_____	By: *Christina Aspesi* (signature)
JARED C. WALTERS	Name: Christina Aspesi
	Its: Bankruptcy Officer

Date:_____	Date: 8/24/2017

-4-